## 22-13546

# United States Court of Appeals
### *for the*
# Eleventh Circuit

NALCO COMPANY LLC,

*Plaintiff/Appellee,*

– v. –

LAURENCE BONDAY,

*Defendant/Appellant.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
CASE NO: 12:21-cv-727-JLB-NPM
(Hon. John Leonard Badalamenti)

# BRIEF OF APPELLEE

VALERIE L. HOOKER
JACKSON LEWIS P.C.
2 South Biscayne Boulevard, Suite 3500
Miami, Florida 33131
(305) 577-7600
valerie.hooker@jacksonlewis.com

RENE E. THORNE
JACKSON LEWIS P.C.
601 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
(504) 208-1755
rene.thorne@jacksonlewis.com

*Counsel for Plaintiff/Appellee Nalco Company LLC*

**No. 22-13546**
**Bonday v. Nalco Company LLC**

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Appellee Nalco Company LLC ("Nalco"), pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Cir. R. 26.1-1, hereby submits its Certificate of Interested Persons and Corporate Disclosure Statement, and certifies that the following is a complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Badalamenti, Hon. John L.– United States District Judge, Middle District of Florida;

2. Bonday, Laurence – Appellant;

3. Ecolab, Inc. – Parent company of Appellee;

4. Thorne, René E.– Counsel for Appellee;

5. Hooker, Valerie L. – Counsel for Appellee;

6. Jackson Lewis, P.C. – Law Firm of Counsel for Appellee;

7. Meyer, Timothy – Counsel for Appellant;

8. Mizell, Hon. Nicholas P., U.S. Magistrate Judge;

**No. 22-13546**
**Bonday v. Nalco Company LLC**

9.    Nalco Company LLC – Appellee.

Appellee Nalco Company LLC states that it is a wholly-owned subsidiary of

Ecolab Inc. (publicly traded as "ECL").

**No. 22-13546**
**Bonday v. Nalco Company LLC**

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Rule 34(a) of the Federal Rules of Appellate Procedure and 11th Cir. R. 28-1(c), Appellee respectfully requests that this Court decide this case on the papers rather than hear oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

i

No. 22-13546
**Bonday v. Nalco Company LLC**

**TABLE OF CONTENTS**

**Page**

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT ................................................................... C-1

STATEMENT REGARDING ORAL ARGUMENT .................................................. i

TABLE OF AUTHORITIES ........................................................................ iv

LEGEND ........................................................................................ vii

STATEMENT OF ISSUES .......................................................................... 1

STATEMENT OF THE CASE ....................................................................... 2

    I.    COURSE OF PROCEEDINGS AND DISPOSITIONS IN
         THE COURT BELOW ...................................................................... 2

    II.   STATEMENT OF FACTS ..................................................................... 9

    III.  STATEMENT OF STANDARDS OF REVIEW ............................... 11

SUMMARY OF THE ARGUMENT ............................................................... 14

ARGUMENT ...................................................................................... 15

    I.    BONDAY'S APPEAL SHOULD BE DISMISSED
         BECAUSE IT IS BASED ENTIRELY ON ARGUMENTS
         THAT WERE NOT PRESENTED TO THE DISTRICT
         COURT ..................................................................................... 15

    II.   THE DISTRICT COURT CORRECTLY HELD THAT THE
         ARBITRATOR EXCEEDED HER AUTHORITY BY
         DECIDING THE ARBITRABILITY QUESTION ............................ 19

         A.    The District Court Correctly Found That The Question
             Of Arbitrability Was For The Court To Decide, As
             Supported By Case Law Making The Issue
             Presumptively For The Courts ................................................. 20

**No. 22-13546**
**Bonday v. Nalco Company LLC**

B.    The District Court Correctly Found That a Plain and
      Ordinary Reading of the Agreement Shows That the
      Parties Did Not Intend to Arbitrate Arbitrability,
      Including Questions of Scope ...................................................21

C.    The Terms of the Agreement, Which Limit the
      Arbitrator's Authority to Resolving Defined Disputes,
      Control Over the AAA Rules....................................................25

III.  THE DISTRICT COURT CORRECTLY HELD THAT
      BONDAY'S CLAIM IS NOT ARBITRABLE .................................27

CONCLUSION ..........................................................................................33

iii

No. 22-13546
Bonday v. Nalco Company LLC

## TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Access Now, Inc. v. Sw. Airline Co.*,
    385 F.3d 1324 (11th Cir. 2004) ................................................... 15, 19

*Alford v. Consol. Gov't of Columbus*,
    438 F. App'x 837 (11th Cir. 2011) ......................................................12

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ...........................................................................12

*Aromin v. State Farm Fire & Cas. Co.*,
    908 F.2d 812 (11th Cir. 1990) ............................................................29

*AT&T Techs. v. Communs. Workers of Am.*,
    475 U.S. 643, 106 S. Ct. 1415 (1986)...................................... 19, 20, 27

*Attix v. Carrington Mortg. Servs., LLC*,
    35 F.4th 1284 (11th Cir. 2022) ................................................... 23, 24

*Badger v. MCG Health, Inc.*,
    546 F. App'x 833 (11th Cir. 2013) ......................................................19

*Badgerow v. Walters*,
    No. 20-1143, 2022 U.S. LEXIS 1794 (U.S. Mar. 31, 2022) .................7

*Digioia v. H. Koch & Sons*,
    944 F.2d 809 (11th Cir. 1991) .............................................................2

*First Options of Chi., Inc. v. Kaplan*,
    514 U.S. 938, 115 S. Ct. 1920 (1995)....................................... 19, 20, 21

*FTC v. Consumer Collection Advocates Corp.*,
    No. 15-14437, 2016 U.S. App. LEXIS 15411 (11th Cir. Aug. 23, 2016).............2

No. 22-13546
Bonday v. Nalco Company LLC

*GJR Invests., Inc. v. Cnty. of Escambia*,
  132 F.3d 1359 (11th Cir. 1998), *overruled on other grounds as recognized
  in Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010).....................................13

*Goldberg v. Bear, Stearns & Co.*,
  912 F.2d 1418 (11th Cir. 1990) ................................................................. 29, 30

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
  552 U.S. 576 (2008)...........................................................................................11

*Harris v. Marietta City Sch. Dist.*,
  820 F. App'x 951 (11th Cir. 2020) ....................................................................15

*Howsam v. Dean Witter Reynolds, Inc.*,
  537 U.S. 79 (2002).......................................................................................20, 27

*Johnson v. Directory Assistants Inc.*,
  797 F.3d 1294 (11th Cir. 2015) .........................................................................11

*Klay v. United Healthgroup, Inc.*,
  376 F.3d 1092 (11th Cir. 2004) ..............................................................4, 27, 32

*Madura v. BAC Home Loans Servicing, LP*,
  593 F. App'x 834 (11th Cir. 2014) ....................................................................15

*McNeil v. United States*,
  508 U.S. 106 (1993)...........................................................................................12

*Parekh v. CBS Corp.*,
  820 F. App'x 827 (11th Cir. 2020) ....................................................................16

*Portnoy v. United States*,
  811 F. App'x 525 (11th Cir. 2020) ....................................................................16

*Raymond James Fin. Servs. v. Armijos*,
  No. 19-CIV-81692-RAR, 2020 U.S. Dist. LEXIS 109149
  (S.D. Fla. Jan. 9, 2020) .................................................................................4, 32

*Rent-A-Center, W., Inc. v. Jackson*,
  561 U.S. 63 (2010).......................................................................................20, 27

No. 22-13546
Bonday v. Nalco Company LLC

*Rojo v. FCA US LLC*,
    No. 21-cv-20202-UU, 2021 U.S. Dist. LEXIS 36574
    (S.D. Fla. Feb. 25, 2021)........................................................................30

*Rose v. M.C. Dean, Inc.*,
    736 F. App'x 236 (11th Cir. 2018) ......................................................15

*Southern Waste Sys., LLC v. Town of Davie, Fla.*,
    No 05-60847-CIV, 2005 U.S. Dist. LEXIS 61306 (S.D. Fla. July 19, 2005).....30

*Tannenbaum v. United States*,
    148 F.3d 1262 (11th Cir. 1998) ................................................. 16, 19

*Terminix Int'l Co.Ltd. P'ship v. Palmer Ranch Ltd. P'ship,*
    *432 F.3d 1*327 (11th Cir. 2005) ...........................................................25

*Weeks v. Harden Mfg. Corp.*,
    291 F.3d 1307 (11th Cir. 2002) .............................................................12

*Wilson v. B/E Aerospace, Inc.*,
    376 F.3d 1079 (11th Cir. 2004) .............................................................12

*World Rentals & Sales, LLC v. Volvo Construction Equipment Rents, Inc.,*
    517 F.3d 1240 (11th Cir. 2008) .............................................................19

**Statutes & Other Authorities:**

9 U.S.C. § 10(a)(4)..................................................................................12

29 U.S.C. § 1140.....................................................................................31

11th Cir. R. 28-1(i).............................................................................. 2, 18

Fed. R. Civ. P. 56(a).............................................................................12

Fed. R. Civ. P. 56(e)(2).........................................................................2

vi

**No. 22-13546**
**Bonday v. Nalco Company LLC**

## <u>LEGEND</u>

References to the Record on Appeal conform to the practice prescribed by Eleventh Circuit Local Rule 28-5 and are by document number and page number where applicable. Thus, for example, citation to "Doc 1 at 1-2, ¶x" refers to District Court Docket Entry Number 1, pages 1-2, (where applicable) Paragraph *x*.

Plaintiff – Appellee Nalco Company LLC is referred to as "Nalco," and Defendant – Appellant Laurance Bonday is referred to as "Bonday."

Numbers preceded by "App. Brief" refer to page numbers of Appellant's Opening Brief.

No. 22-13546
**Bonday v. Nalco Company LLC**

## STATEMENT OF ISSUES

1.    Considering the presumption that courts, not arbitrators, decide issues of arbitrability, whether the District Court correctly vacated the arbitration award, where the arbitration agreement:

    a)    does not expressly grant the arbitrator such authority;

    b)    expressly limits the arbitrator's authority to the resolution of defined "Dispute[s]," not to whether a claim falls within the definition of "Dispute[s];" and,

    c)    specifically states it "does not apply to disputes regarding the enforceability, revocability or validity of the Agreement or any portion of the Agreement. Such disputes can only be resolved by a court of competent jurisdiction."

2.    Alternatively, whether the District Court correctly vacated the arbitration award when the demand for arbitration filed by Bonday solely relates to his claim that he was not paid severance under a Nalco employee benefit plan where:

    a)    That plan contains an appeal procedure Bonday failed to follow;

    b)    the arbitration agreement expressly carves out claims related benefits under the Nalco's employee benefits plans that contain an appeal procedure; and,

    c)    Bonday admits that the plan falls under that carve-out.

No. 22-13546
**Bonday v. Nalco Company LLC**

## STATEMENT OF THE CASE[1]

**I.    COURSE OF PROCEEDINGS AND DISPOSITIONS IN THE COURT BELOW.[2]**

On or around December 29, 2020, Bonday, a former Nalco employee, commenced an arbitration proceeding against Nalco, styled *Laurence Bonday v. Nalco Water, An Ecolab Company*, AAA Case No. 01-20-0019-3732 (the "Arbitration"), by submitting an Employment Arbitration Rules Demand for Arbitration (the "Demand") to the American Arbitration Association ("AAA"). *See* Doc 18-1 at 2, ¶5; and Doc 18-1 at 20-24. In the Demand, Bonday alleged that Nalco failed to follow the Ecolab Severance Plan (the "Plan") when Nalco denied Bonday's request for severance benefits (while failing to properly file a claim for severance pursuant to the terms of the Plan). Doc 18-1 at 20. Bonday sought to arbitrate the

---

[1] Bonday failed to file a statement of disputed facts in response to Nalco's statement of undisputed facts. As such, Nalco's statement of undisputed facts is deemed admitted, and the Court will find it is supported by the record. Fed. R. Civ. P. 56(e)(2); *see also FTC v. Consumer Collection Advocates Corp.*, No. 15-14437, 2016 U.S. App. LEXIS 15411, at *3-4 (11th Cir. Aug. 23, 2016); *Digioia v. H. Koch & Sons*, 944 F.2d 809, 811 n.6 (11th Cir. 1991).

[2] In compliance with 11th Cir. R. 28-1(i), Nalco sets forth the Course of Proceedings and Dispositions in the Court Below here, but considering the unusual course of the proceedings before the American Arbitration Association ("AAA") which led to the filing of the underlying action, it may be useful for the Court to first review the Statement of Fact, Part II, *infra*.

dispute pursuant to the Ecolab Mediation and Arbitration Agreement (the "Agreement").  Doc 18-1 at 39-42.

In response, Nalco repeatedly notified the AAA that the Agreement excludes Bonday's claim and that the Agreement specifically provides that disputes over arbitrability are to be decided by a court, not an arbitrator (*i.e.*, the AAA did not have jurisdiction over Bonday's claim and, to the extent any dispute regarding arbitrability existed, a court – not the AAA – had to rule on arbitrability).  Doc 18-1 at 4, ¶12.  Notwithstanding Nalco's objection, on September 23, 2021, a member of the AAA's staff notified the parties that an evidentiary hearing in the Arbitration would be held on November 22, 2021.  *Id.*, at 4, ¶13.

Thereafter on October 1, 2021, Nalco filed a declaratory judgment action in the United States District Court for the Middle District of Florida, seeking a finding that the claim in the Demand is not arbitrable under the Agreement.  Doc 1.  On November 8, 2021, Nalco filed a formal Motion to Stay Arbitration.  *Id.*, at ¶17.  On November 17, 2021, Bonday submitted his Response to Motion to Stay Arbitration. *Id.*, at ¶18.  The sole basis for Bonday's opposition was that he believed it was too late for Nalco to object to the AAA's jurisdiction pursuant to the AAA Rules (a misplaced argument because these Rules were not applicable because the AAA did not have authority over the case in the first place).  Doc 18-1 at 112.

No. 22-13546
**Bonday v. Nalco Company LLC**

On November 23, 2021, AAA Arbitrator Cindy L. Anderson ("Arbitrator") denied Nalco's Motion to Stay. Doc 18-1 at 5, ¶19. The Arbitrator ignored Nalco's arguments, *i.e.*, that the Agreement reserves to a court, and not the Arbitrator, issues of arbitrability. Doc 18-1, at 151-53. Instead, the Arbitrator speculated that Bonday *may* have other claims that *may* be subject to arbitration under the Agreement. Doc 18-1, at 152.

On November 24, 2021, Nalco notified the AAA that it declined to participate in the Arbitration and re-iterated its request for a stay. Doc 18-1 at 7, ¶28;[3] Doc 18-1 at 155-56. On November 29, 2021, the AAA issued a letter setting the Arbitration hearing for December 7, 2021. Doc 18-1 at 7, ¶30.

In the interim, on November 30, 2021, Bonday filed an untimely "Motion for Dismissal" in the District Court, claiming it was the Court that lacked jurisdiction. Doc 15. Nalco opposed that motion (Doc 20) and moved for summary judgment

---

[3] *See Raymond James Fin. Servs. v. Armijos*, No. 19-CIV-81692-RAR, 2020 U.S. Dist. LEXIS 109149, at *10-11 (S.D. Fla. Jan. 9, 2020) (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1112 n.20 (11th Cir. 2004)) ("If a dispute is nonarbitrable, then an arbitrator necessarily exceeds his powers in adjudicating it. Consequently, **while [a party] is free to initiate whatever private arbitration proceedings he wishes, [the opposing party] need not be troubled by them because they are essentially *legal nullities from the start***.") (emphasis added).

No. 22-13546
**Bonday v. Nalco Company LLC**

(Doc 18). Bonday did not oppose Nalco's motion for summary judgment.[4] Despite knowledge of the pending action in the District Court, the Arbitrator proceeded with the arbitration to hearing.

On January 3, 2022, the AAA notified Nalco that the Arbitrator issued an award in favor of Bonday (the "Arbitration Award"). Doc 25-1. The Arbitration Award states that Bonday had raised "claims of age discrimination in violation of the federal Age Discrimination in Employment Act ("ADEA"), breach of contract, and violation of the federal Employee Retirement Income and Security Act ("ERISA")…." (Doc 25-1 at 2-3), going far beyond the four corners of the Demand that sought only severance payment benefits under the Plan. Doc 36-1.

Addressing the three purported claims in turn:

First, regarding the alleged ADEA claim devised by the Arbitrator, the Arbitrator dismissed it in favor of Nalco. Doc 25-1 at 3.

Second, considering the "breach of contract" claim under the terms of the Plan, the Arbitrator correctly determined that she was "without jurisdiction to decide the breach of contract claim," but for the wrong reasons. Instead of finding that the

---

[4] Bonday proceeded pro se before the District Court and in the arbitration. Inexplicably, the Arbitrator awarded Bonday "legal costs" (Doc 25-1 at 6), which, based on the transcript of the arbitration hearing, relates to the cost Bonday incurred in compensating a relative who is an attorney and provided legal advice to Bonday.

claim for benefits was excluded from the definition of a covered "Dispute" under the Agreement, she concluded that she lacked jurisdiction because Bonday "failed to pursue his claims under the Plan pursuant to the appeal process terms required therein." *Id.* at 3-4.

Third, the Arbitrator invented a claim for "ERISA violation" and referenced Section 510 of ERISA. *Id.* 4-5. Section 510 makes it unlawful to "discriminate against a participant or beneficiary … for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan…." Finding that Nalco violated Section 510, the Arbitrator offered this curious explanation to find disparate treatment:

> Both Bonday and his former boss testified the company considered him "critical" to their operations. So instead of allowing Claimant to take the Plan when Claimant complained, Respondent increased his salary (despite the fact that it was already way above the pay band for his position). This latter action lent further credence to Claimant's position that he was prevented from taking the plan so he wouldn't leave.

Doc 25-1, at 5. In other words, the Arbitrator found that Nalco discriminated against Bonday when it gave him a raise rather than separating his employment.

On January 25, 2022, Nalco timely filed a Motion to Vacate the Arbitration Award. Doc 25. Nalco argued that because the Arbitrator lacked jurisdiction to decide whether the claims were arbitrable in the first instance, the Arbitration Award,

which is based on a ruling on claims the Arbitrator decided were arbitrable, is a legal nullity and must be vacated as set forth in Nalco's Motion for Summary Judgment. Doc 18; *see also* Doc 26 (Opposition); Doc 30 (Reply); Doc 33 (Sur Reply).

On May 27, 2022, Nalco filed its Second Amended Complaint, solely to add facts to support diversity jurisdiction.[5]  Doc 36.  On June 3, 2022, Bonday filed a Motion for Dismissal of Second Amended Complaint. Doc 37.  On June 24, 2022, Nalco filed its Opposition to Bonday's Motion to Dismiss.  Doc 38.

On September 22, 2022, the District Court entered its Order, ruling in Nalco's favor on every point.  Doc 39 (the "Order").  In turn, the Order denied Bonday's Motions to Dismiss (Docs 15, 27), granted Nalco's Motion to Vacate Arbitration Award (Doc 25), vacated the Arbitration Award (Doc 25-1), granted Nalco's Motion for Summary Judgment (Doc 18), ordered that Nalco is entitled to declaratory judgment on its Second Amended Complaint (Doc 36), and decreed that the Demand

---

[5] Nalco was granted leave to file the Second Amended Complaint to assert diversity jurisdiction as the basis for federal jurisdiction in recognition of the March 31, 2022 United States Supreme Court order holding that federal courts do not have subject matter jurisdiction to rule on motions for leave to vacate arbitration awards, even where the underlying controversy involves a federal question (here, ERISA) unless there is an independent basis for federal jurisdiction. *Badgerow v. Walters*, No. 20-1143, 2022 U.S. LEXIS 1794, at *7 (U.S. Mar. 31, 2022).  Docs 34 and 35.

No. 22-13546
**Bonday v. Nalco Company LLC**

(Doc 36-1) was and is not arbitrable under the parties' Agreement (Doc 36-3).  Doc 39.  In the Order, the District Court found "that the [A]rbitrator exceeded her authority by deciding a nonarbitrable issue" and that "because the parties did not agree to arbitrate the question of which issues are arbitrable, whether [] Bonday submitted an arbitrable issue is for this Court to decide, not the arbitrator."  Doc 39 p. 2.

Specifically, the District Court noted that "[t]he exclusive remedy [Bonday] sought from the outset of the arbitration proceedings was severance pay."  *Id*. at p. 1.  The Court reasoned the Agreement  "expressly states that 'Dispute[s] do[] not include claims related to . . . controversies over awards of benefits or incentives under [Nalco's] . . . employee benefits plans . . . that contain an appeal procedure;'" (2) "Bonday submitted his Demand because Nalco [allegedly] did not follow the Severance Plan;" (3) Bonday "requested '36 weeks salary per the [Severance Plan];'" and (4) the "Plan, which governs [] Bonday's entitlement to an award of employee benefits in the form of severance pay, unquestionably contains an appeal procedure," it necessarily followed that the "Demand was not a 'Dispute,' as that term is defined in the Arbitration Agreement, and therefore was not subject to arbitration."  *Id*. at pp. 19-20 (citing Doc. 36-3 at ¶ 2(E); Doc. 36-1 at 3; and Doc. 36-2 at 9).

The District Court further found that the Arbitrator improperly "morphed [the Demand] into a claim for discrimination under section 510 of [ERISA]," [Doc 39 at

No. 22-13546
Bonday v. Nalco Company LLC

p. 2] where "Bonday did not submit a Demand for the arbitration of any ERISA discrimination claim." *Id.* at 18.  The District Court held in the alternative that even if Bonday had submitted an ERISA discrimination claim, "the result would be no different because that claim is inextricably intertwined with the Severance Plan, which is not a 'Dispute' subject to arbitration because, again, it includes an appeals process." *Id.* at p. 20.

The District Court concluded that "the plain and ordinary language of the Arbitration Agreement," did not "allow the arbitrator to determine whether [] Bonday's Demand was arbitrable in the first place" and the claim Bonday submitted, and which the arbitrator decided, was "a nonarbitrable issue." *Id.* at 22.  The District Court found that "[i]n doing so, the [A]rbitrator exceeded her power under the Arbitration Agreement and [] Bonday's Demand." *Id.* at 23.  Accordingly, the District Court vacated the Arbitration Award and entered declaratory judgment in favor of Nalco, holding the "Demand was and is not arbitrable under the parties' Arbitration Agreement." *Id.*  This appeal followed.

## II.    STATEMENT OF FACTS.

Bonday is a former employee of Nalco.  Doc. 18-1 at 20-22; Doc 36 at 2, ¶3.  During his employment with Nalco, Bonday executed the Agreement.  The Agreement provides that "[a]ll Disputes shall be finally and conclusively resolved by final and binding arbitration before a neutral third party."  Doc 36-3 at 3, ¶3.  The

9

Agreement defines "Dispute[s]" as "all claims or controversies alleging violations of federal, state, local or common law between an Associate and the Company (and vice versa) arising out of or in any way related to the application for employment, employment or cessation of employment with the Company . . ." *Id.* at 2, ¶2(E). The Agreement carves out specific claims as follows:

> "Dispute" does not include claims related to … controversies over awards of benefits or incentives under … employee benefits plans or welfare plans that contain an appeal procedure or other procedure for the resolution of such controversies….

*Id*.

Importantly, the Agreement also states that it "***does not apply to disputes regarding the enforceability, revocability or validity of the Agreement or any portion of the Agreement***. Such disputes can only be resolved by a court of competent jurisdiction." *Id*. (emphasis added). Further, the Agreement states that the "arbitrator's authority shall be limited to the resolution of Disputes between the Parties." *Id*. at 3, ¶5.

As an employee of Nalco, Bonday also had potential benefits under the Plan. Nalco, a subsidiary of Ecolab Inc., adopted the Plan, which is an employee welfare plan governed by ERISA. Doc 18-1 at 2, ¶¶3-4. If a claim for severance benefits is denied, the Plan provides an appeal procedure: "An Employee may appeal a determination of his or her eligibility for benefits or the amounts of the benefit by

filing a written appeal with the Plan Administrator within 60 days after the initial benefit determination." Doc 18-1 at 3, ¶7; Doc 36-2, at 9.

In or around September 2019, after Bonday's role as Global Director of Tissue was eliminated, and he was demoted to Senior Industry Technical Consultant. Doc 36-1 at 3. At that time, Bonday's salary was *increased* by five percent, but his bonus structure was decreased by five percent. *Id*., at p. 5. Bonday did not file a claim pursuant to the Plan or any appeal regarding a purported right to severance under these circumstances. Rather, Bonday chose to pursue arbitration, alleging that because his position was eliminated, the Plan required Nalco to pay him severance, despite that he was offered a comparable position. *See generally id*.

## III.    STATEMENT OF STANDARDS OF REVIEW.

In reviewing a district court's decision granting a motion to vacate an arbitration award, a court of appeals "accept[s] the district court's findings of fact to the extent they are not clearly erroneous and review[s] questions of law *de novo*." *Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1298-99 (11th Cir. 2015). An arbitration award may be vacated based on one of the four statutory grounds set forth in Section 10 of the Federal Arbitration Act ("FAA"). *Johnson v. Directory Assistants Inc.*, 797 F.3d 1294, 1299 (11th Cir. 2015) (citing *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008)). One of the four grounds for vacatur provided by the FAA is "where the arbitrators exceeded their powers, or so

11

imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."  9 U.S.C. § 10(a)(4).

A district court's grant of summary judgment is reviewed *de novo*, viewing the evidence in the light most favorable to the non-movant.  *Weeks v. Harden Mfg. Corp.*, 291 F.3d 1307, 1311 (11th Cir. 2002).  Summary judgment is appropriate if the movant shows "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247 (1986).  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Anderson*, 477 U.S. at 251; *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004).

Finally, the Supreme Court has made clear that while the filings of *pro se* parties are liberally construed, it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Alford v. Consol. Gov't of Columbus*, 438 F. App'x 837, 839 (11th Cir. 2011) ("[W]hile *pro se* pleadings are liberally construed, this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.  This principle is particularly true where a party is represented by counsel, who does not enjoy the leniency afforded *pro se*

No. 22-13546
**Bonday v. Nalco Company LLC**

litigants.") (citing *GJR Invests., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th

Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d

701, 706 (11th Cir. 2010)).

No. 22-13546
**Bonday v. Nalco Company LLC**

## SUMMARY OF THE ARGUMENT

Two questions of arbitrability are at issue in this case:  (1) whether the Arbitrator had the power to determine the gateway question of arbitrability (*i.e.*, to decide if Bonday's claim in the Demand falls under the Agreement's definition of "Disputes"); and (2) whether the Arbitrator correctly found that the Demand was arbitrable.  The District Court correctly held that the answer to both questions is *no*.

Arbitration is a matter of contract and parties cannot be compelled to arbitrate claims they did not agree would be subject to arbitration.  Here, because the Parties did not clearly and unmistakably authorize the Arbitrator to rule on questions of arbitrability, such gateway question must be determined by a court.  Were there any doubt, because the Agreement's definition of arbitrable disputes expressly excludes claims that relate to benefit plans that have an appeals process – like Bonday's claim for severance under the Plan – his Demand is nonarbitrable.

Raised for the first time on this appeal, Bonday's arguments to the contrary were waived and should not be considered.  But even if this Court considers the newly-raised arguments, they are unavailing and the District Court's Order finding that the Arbitrator exceeded her authority in deciding arbitrability and ruling on a claim that is nonarbitrable should be affirmed.

14

No. 22-13546
**Bonday v. Nalco Company LLC**

## ARGUMENT

### I. BONDAY'S APPEAL SHOULD BE DISMISSED BECAUSE IT IS BASED ENTIRELY ON ARGUMENTS THAT WERE NOT PRESENTED TO THE DISTRICT COURT.

It is well established that arguments are barred when raised for the first time on appeal, and the rule applies with equal force to *pro se* parties like Bonday. *See Harris v. Marietta City Sch. Dist.*, 820 F. App'x 951, 955 (11th Cir. 2020) (holding that *pro se* appellant "forfeited his argument . . . by failing to raise that argument in the district court.") (citing *Access Now, Inc. v. Sw. Airline Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (noting that we have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court"); *Rose v. M.C. Dean, Inc.*, 736 F. App'x 236, 239 (11th Cir. 2018) (refusing to address *pro se* appellant's arguments because they were raised for the first time on appeal) (citing *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court."); *Madura v. BAC Home Loans Servicing, LP*, 593 F. App'x 834, 841 (11th

No. 22-13546
**Bonday v. Nalco Company LLC**

Cir. 2014) (finding *pro se* appellant's "arguments raised for the first time on appeal, which were not presented in the district court, are deemed waived.").[6]

Before the District Court Bonday presented only the following arguments:

1)    the District Court purportedly lacked subject matter jurisdiction because the AAA had "subject matter expertise and jurisdiction over this case per the AAA Arbitration Rules" (Doc 15 at 1-2);

2)    Nalco is bound by the Agreement (a point Nalco does not dispute) (Doc 15 at 1; Doc 26 at 1-2; Doc 37 at 1);

3)    Bonday is not bound by the Plan (which he seeks to enforce) because Bonday did not have a copy of the Plan (Doc 26 at 1-2);

4)    Because "Arbitration is the preferred method of dispute resolution" and the Agreement binds the parties, the AAA, not the District Court, was the proper venue (Doc 37 at 1, 4);

---

[6] *See also Parekh v. CBS Corp.*, 820 F. App'x 827, 836 (11th Cir. 2020) (finding *pro se* appellant forfeited his argument that a statute should not be applied in federal court "by not raising it before the district court.") (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (noting that although *pro se* pleadings are liberally construed, "issues not raised below are normally deemed waived"); *Portnoy v. United States*, 811 F. App'x 525, 533-34 (11th Cir. 2020) (holding that party "has waived his constitutional argument" where he did not raise the challenge before the district court and "on appeal, he fails to present any applicable exceptions to the general rule that issues raised for the first time on appeal are deemed abandoned.").

**No. 22-13546**
**Bonday v. Nalco Company LLC**

5)      the AAA rules give the Arbitrator "authority to determine Jurisdiction" and the Arbitrator found that AAA has jurisdiction (Doc 37 at 1-2, 5);

6)      the AAA rules required Nalco "to seek judicial intervention" within 30 days after AAA (improperly) commenced the Arbitration (Doc 37 at 1-2); and

7)      the Arbitrator determined "that there are arbitrable claims covered" by the Agreement (Doc 37 at 2).

On appeal, Bonday argues for the first time that:

1)      because the Agreement states that "Arbitration will be conducted in accordance with the AAA Employment Arbitration Rules," (Doc 36-3, p. 4, ¶10(b)) "the parties clearly and unmistakably agreed that the arbitrator should decide the scope of the issues subject [to] arbitration" (Appellant's Opening Brief ("App. Brief") at 28);

2)      his claim under the Plan is governed by ERISA (a point Nalco has never disputed), and the Agreement (generally) states that "'any and all federal' claims related to employment, 'without limitation,'" are arbitrable (App. 38 at 37-38), and such "broad language" somehow "control[s] over any arguably conflicting language elsewhere in the Agreement" (*e.g.*, the very next sentence which specifically carves out

17

claims relating to employee benefits plans with an appeals procedure –

like the Plan) (App. Brief at 39); and

3)      the Arbitrator acted within her power to construe his allegations as

raising a Section 510 ERISA claim[7] because:

    a.      Bonday "alleged facts showing discrimination between himself

and similarly situated employees, as well as a motive—his

critical value to the company—for [Nalco] to seek to interfere

with his efforts to obtain a severance and leave";

    b.      Nalco waived any objection because it had notice that the

Arbitrator construed an ERISA claim and declined to participate;

and

    c.      the AAA "could have allowed Mr. Bonday to amend his demand

to explicitly include an ERISA claim."  (App. Brief 29-30).

Tellingly, Bonday's Opening Brief does not provide any record citations to

these new arguments.  As 11th Cir. R. 28-1(i) provides, each assertion regarding

matters in the record made "[i]n the statement of the case, as in all other sections of

---

[7]  Bonday refers generally to an "ERISA" claim but Nalco has never denied that
Bonday's claim for severance under the Plan is subject to ERISA – it is.  Instead,
Nalco's position is that the Demand does not set forth a *Section 510* ERISA
discrimination claim, as the Arbitrator devised.

No. 22-13546
**Bonday v. Nalco Company LLC**

the brief," "shall be supported by a reference to the record."  Further, Bonday does

not present any reason why such arguments should be considered for the first time

on appeal.  Accordingly, because Bonday failed to raise these arguments before the

District Court, this Court should dismiss the appeal in its entirety.  *Badger v. MCG*

*Health, Inc.*, 546 F. App'x 833, 835 (11th Cir. 2013) ("However, even applying a

liberal construction, issues not presented to the district court are waived on appeal.")

(citing *Access Now, Inc. v. Sw. Airlines Co*., 385 F.3d 1324, 1331 (11th Cir. 2004);

and *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding

that while *pro se* complaints are liberally construed, issues not raised in the district

court are deemed waived)).

## II. THE DISTRICT COURT CORRECTLY HELD THAT THE ARBITRATOR EXCEEDED HER AUTHORITY BY DECIDING THE ARBITRABILITY QUESTION.

As the Supreme Court has made abundantly clear, "arbitration is simply a

matter of contract between the parties; it is a way to resolve those disputes – but only

those disputes – that the parties have agreed to submit to arbitration."  *First Options*

*of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S. Ct. 1920, 1924 (1995); *AT&T*

*Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 648, 106 S. Ct. 1415, 1418 (1986)

("Arbitration is a matter of contract and a party cannot be required to submit to

arbitration any dispute which he has not agreed so to submit.").  Similarly, this Court

has found that "[a]rbitration is a matter of consent, not coercion."  *World Rentals &*

*Sales, LLC v. Volvo Construction Equipment Rents, Inc.,* 517 F.3d 1240, 1244 (11th Cir. 2008).  Here, Nalco did not consent to arbitrate arbitrability.  Accordingly, this Court should affirm the District Court's Order finding that the Arbitrator exceeded her authority by ruling on arbitrability.

**A.**  **The District Court Correctly Found That The Question Of Arbitrability Was For The Court To Decide, As Supported By Case Law Making The Issue Presumptively For The Courts.**

The Supreme Court has made it abundantly clear that questions of arbitrability are presumptively for the courts.  *AT&T Techs..*, 475 U.S. 643, 649 ("Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator."); *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995) (quoting *AT&T Techs*); *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (citations omitted) (holding the "question of arbitrability" is "an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.").

In *First Options of Chi., Inc. v. Kaplan*, the Supreme Court took up the narrow question regarding who has the power to decide whether the parties agreed to arbitrate.  514 U.S. at 941-42.  The answer, the Court said, depends on whether the parties agreed to let the arbitrators decide arbitrability.  Importantly, the Court

No. 22-13546
**Bonday v. Nalco Company LLC**

instructed, "Courts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so." *Id.* at 944.

There is absolutely no evidence of such an agreement here. Instead, there is clear and unmistakable evidence that the parties did <u>not</u> agree to arbitrate arbitrability because the Agreement expressly provides: "This Agreement does ***not*** apply to disputes regarding the enforceability, revocability or validity of the Agreement ***or any portion of the Agreement***. ***Such disputes can only be resolved by a court of competent jurisdiction***." Doc 36-3 at ¶2(E) (emphasis added). In other words, the Parties agreed that if a dispute arose regarding the agreement itself (*i.e.*, arbitrability), those disputes would be decided by the Court. Accordingly, the District Court's Order holding that the Arbitrator exceeded her authority by deciding which claims were arbitrable should be affirmed.

### B.    The District Court Correctly Found That a Plain and Ordinary Reading of the Agreement Shows That the Parties Did Not Intend to Arbitrate Arbitrability, Including Questions of Scope.

Far from offering clear and unmistakable evidence, Bonday points to the delegation provision of the Agreement (requiring the court to decide disputes about "the enforceability, revocability or validity of the Agreement or any portion of the Agreement" (Doc 36-3 at ¶2(E)). Bonday's new theory on appeal is that this provision means—on the one hand—that arbitrability issues related to the enforceability and validity of the Agreement are for the Court to decide, but—on the

No. 22-13546
**Bonday v. Nalco Company LLC**

other hand—issues related to the *scope* of the Agreement (*i.e.*, whether an arbitrable claim exists) remain for the arbitrator to decide. App. Brief at 32-33. Bonday is mistaken. First, Bonday waived this argument as it was not presented to the District Court.[8] *See* Point I at pp. 14-18, *supra*. Second, even if the Court considers this argument, the District Court's decision should be affirmed because this argument lacks merit.

Nalco acknowledges that, as a general matter, different types of "arbitrability" issues exist and that the arbitrability issue here can be characterized as a question about scope because it is a question regarding whether the Agreement covers the

---

[8] If such a reading of the Agreement were as "obvious" as Bonday now argues, Bonday would have made this argument below. He did not. *See* Point I, *supra*.

claim.[9]  Bonday improperly stretches that concept to argue that the Agreement requires the parties to split certain arbitrability questions for the court and others for the arbitrator – it does not.

To the contrary, the Agreement reserves *all* questions about the Agreement itself to be decided by the court.  Doc 36-3 at 2, ¶2(E) ("This Agreement does ***not*** apply to disputes regarding the enforceability, revocability or validity of the Agreement ***or any portion of the Agreement*.  *Such disputes can only be resolved by a court of competent jurisdiction*.").  In *Attix v. Carrington Mortg. Servs., LLC*, on which Bonday heavily relies on appeal (App. Brief at 32-33), the parties agreed that the arbitrability dispute presented by their matter was "a question about the 'enforceability' of the parties' arbitration agreement."  35 F.4th 1284, 1298-99 (11th

---

[9] As this Court explained in *Attix v. Carrington Mortg. Servs., LLC*, "[t]here are a few basic kinds" of questions of arbitrability.  35 F.4th 1284, 1298-99 (11th Cir. 2022).  As the District Court found here, enforceability, revocability, or validity of an agreement – which the Agreement here expressly states must be decided by a court – relate to "whether the parties have entered into a legally operative arbitration agreement that is enforceable under law."  Doc 39, p. 16 (citing *Attix*, 35 F.4th at 1299 (noting that "[o]ther arbitrability questions are about the 'validity' or 'enforceability' of an arbitration agreement—*i.e.*, whether the parties have entered into a legally operative arbitration agreement that is enforceable under law.").  The "scope" or "applicability" of an agreement relate to "what set of disputes the arbitration agreement covers, and whether it governs the particular dispute at hand." *Id*. (noting "[t]here are a few basic kinds" of arbitrability questions and that "[s]ome arbitrability questions are about the 'scope' or 'applicability' of the parties' arbitration agreement—*i.e.*, what set of disputes the arbitration agreement covers, and whether it governs the particular dispute at hand.").

Cir. 2022). This Court refused to adopt Attix's reading of the delegation clause in the arbitration agreement, which "would function as a 'partial' delegation sending most questions of arbitrability to an arbitrator, but *not* questions about enforceability, such as the parties' dispute . . . [which] would be for the court to decide." 35 F.4th at 1300. Instead, this Court found that "[t]he plain and natural reading of the clause is that *all* questions of arbitrability are delegated to an arbitrator . . . ." *Id.*

Here, a plain reading of the Agreement requires that *all* questions of arbitrability must be decided by a court. As the District Court found, the Agreement provides that only "Dispute(s)," as defined in the Agreement, are subject to arbitration, but questions about the Agreement itself are reserved for the Court. Doc 39 at 16 (citing Doc 36-3 at 2, ¶2(E)).

The Agreement expressly provides that "[t]he arbitrator's authority shall be limited to the resolution of Disputes between the Parties," Doc 36-3 at 5, ¶10(B)(5), "not the resolution <u>and</u> determination of what constitutes Disputes." Doc 39 at 16 (underlining in original). The Agreement also explains that certain claims do not constitute a "Dispute" subject to arbitration – like "claims related to: . . . controversies over awards of benefits or incentives under . . . employee benefits plans or welfare plans that contain an appeal procedure" – like the Plan. *Id.* As such, Bonday's new argument that the delegations provision only requires disputes about enforceability to be heard by the court but provides a loophole for an arbitrator

24

to decide questions about scope, is without merit considering the terms of the Agreement as a whole and the presumption that the court will determine all questions of arbitrability.

### C. The Terms of the Agreement, Which Limit the Arbitrator's Authority to Resolving Defined Disputes, Control Over the AAA Rules.

Bonday argues under *Terminix Int'l Co. Ltd. P'ship v. Palmer Ranch Ltd. P'ship*, "incorporation of AAA arbitration rules" alone means that the parties agreed to allow the arbitrator to decide questions of arbitrability. App. Brief at 22-23 (citing 432 F.3d 1327, 1332 (11th Cir. 2005)).[10]  This argument lacks merit because the facts in *Terminix* are easily distinguishable.

The agreement in *Terminix* does not contain a provision, like that in the Agreement here, stating if there is any conflict between the AAA rules and the Agreement, then the Agreement will control.  Doc 36-3 at 5, ¶10(B).  Unlike here, the agreement at issue in *Terminix*, did not include a provision that specifically provided that a court must answer questions regarding "any portion of the Agreement" or regarding arbitrability questions like "enforceability, revocability or validity of the Agreement".  Doc 36-3 at 2, ¶2(E).  Unlike here, the agreement at

---

[10] Again, this argument was not presented to the District Court.  *See* Point I, *supra*.

No. 22-13546
**Bonday v. Nalco Company LLC**

issue in *Terminix* did not specifically limit the arbitrator's authority "to the resolution of Disputes between the Parties," Doc 36-3 at 5, ¶10(B)(5) that further specified that "Disputes" does not include whether a claim is within the scope of the Agreement. *Id*. at 2, ¶2(E)).

In fact, as the District Court correctly determined, the Agreement here notably does *not* say that the arbitrator can determine what constitutes a Dispute. Doc 36-3 at 5, ¶10(B)(5); *see also* Doc 39 at 16 (finding that the Agreement limits the arbitrator's authority to resolving Disputes, "not the resolution <u>and</u> determination of what constitutes Disputes").

*Terminix* and similar cases[11] contain no discussion of similar provisions, which make it clear and unmistakable that the parties in this case agreed that the arbitrator should ***not*** decide questions of arbitrability. Considering the above-cited provisions, including that the Agreement expressly controls over the AAA rules, the decision in *Terminix* is easily distinguished and does not control.

---

[11] Although Bonday did not raise the *Terminix* argument in the District Court, Nalco identified similar case law in its Opposition to Bonday's Motions to Dismiss the Second Amended Complaint and noted that such case law, though "not referenced by Defendant [Bonday]," is easily distinguished from the facts here, where the Agreement "make[s] it clear and unmistakable that the Parties agreed that the arbitrator should ***not*** decide questions of arbitrability." Doc 38 at p 8 n.2.

No. 22-13546
**Bonday v. Nalco Company LLC**

Plainly put, this Agreement makes it clear that all aspects of arbitrability must be decided by the Court, but, in the "worst-case," as the District Court observed, "there is no clear and unmistakable evidence of [] delegation" of the authority to decide arbitrability.  Doc 39 at 16.  Under such circumstances – and pursuant to case law holding that gateway questions are for the court not the arbitrator – the question of arbitrability was for the District Court to decide.  *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010); *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT&T Technologies, Inc. v. Comm'ns Workers of Am.*, 475 U.S. 643, 649 (1986)) (holding the "question of arbitrability" is "an issue for judicial determination unless the parties clearly and unmistakably provide otherwise.").  Accordingly, this Court should affirm the District Court's finding that the arbitrator exceeded her authority by deciding arbitrability.

## III. THE DISTRICT COURT CORRECTLY HELD THAT BONDAY'S CLAIM IS NOT ARBITRABLE.

The District Court properly granted Nalco's Motion for Summary, declaring that Bonday's Demand is not subject to arbitration.  Doc 39 at 17-23.  Because the dispute was not arbitrable, the arbitrator exceeded her powers in deciding it.  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1112 n.20 (11th Cir. 2004) ("If a dispute is nonarbitrable, then an arbitrator necessarily exceeds his powers in adjudicating it.").

No. 22-13546
**Bonday v. Nalco Company LLC**

Based on the Demand and pleadings in the record, Bonday's claim rests on his allegation that Nalco wrongfully denied his benefits under the Plan. But because the Plan is an employee benefits plan with an appeals procedure, the claim is explicitly excluded from the Agreement, and thus not subject to arbitration. Specifically, the Agreement defines a covered "dispute," and expressly states:

> "Dispute" does not include claims related to … controversies over awards of benefits or incentives under … ***employee benefits plans or welfare plans that contain an appeal procedure*** or other procedure for the resolution of such controversies….

Doc 36-3, at 2, ¶2(E) (emphasis added). The Plan is an employee benefits plan that contains an appeal procedure. Doc 36-2, at 9. Therefore, Bonday's claim is not a "Dispute" covered by the Agreement.[12]

Critically, Bonday does not dispute (1) the authenticity of the Plan or the Agreement, both of which he relies on in his Demand (Doc 36-1); or (2) that the Plan is an employee benefits plan with an appeal procedure (Doc 37 at 3; App. Brief at 32). Put simply, there is no disagreement that Bonday's claim is related to a controversy over benefits under the Plan, which is expressly excluded from the Arbitration Agreement, and therefore not arbitrable.

---

[12] Pursuant to the Plan, Bonday must exhaust the appeals procedure prior to bringing any claim. Doc 36-2 at 9.

No. 22-13546
**Bonday v. Nalco Company LLC**

For the first time on appeal, however, Bonday appears to argue that he has an additional ERISA claim separate from his claim for severance under the Plan.  App. Brief at 37-45.  Such a claim need not be considered as it was waived[13] (*see* Point I, *supra*), but even if this Court considers the argument, it fails.

First, Bonday engages in a tortured analysis to argue that the general definition of "Dispute" in the Agreement[14] controls over the more specific sentence that follows, expressly carving out certain claims.  App. Brief at 38-40.  Bonday cites no caselaw in support of this proposition, likely because the argument is legally unsupportable.  Indeed, "it is not at all uncommon for contracts to begin with broad sweeping language which is later qualified or narrowed."  *Goldberg v. Bear, Stearns & Co.*, 912 F.2d 1418, 1421 (11th Cir. 1990).  Thus, "[w]hen general propositions in a contract are qualified by the specific provisions, the rule of construction is that the specific provisions in the agreement control."  *Id.*; *see also Aromin v. State Farm Fire & Cas. Co.*, 908 F.2d 812, 814 (11th Cir. 1990) ("[I]t is a cardinal principle of construction that, if reasonably possible, no part of a contract should be taken as

---

[13] Even after the AAA issued the Arbitration Award, Bonday did not assert that he had presented an ERISA discrimination claim, but instead, he simply cites to the Arbitrator's erroneous finding.  Doc 37 at 2-4.

[14] The Agreement defines a "Dispute" as "all claims or controversies alleging violations of federal, state, local or common law . . . [which] includes, without limitation," a list of such claims.  Doc 36-3 at 2, ¶2(E).

eliminated or stricken by some other part."); *see also Rojo v. FCA US LLC*, No. 21-cv-20202-UU, 2021 U.S. Dist. LEXIS 36574, at *7-8 (S.D. Fla. Feb. 25, 2021) (finding that interpretating a contract so "that the boilerplate language defining" a term "eliminates the specific partial release and covenant not to execute" would be "inconsistent with well-settled contract law"); *Southern Waste Sys., LLC v. Town of Davie, Fla.*, No 05-60847-CIV, 2005 U.S. Dist. LEXIS 61306, n.4 (S.D. Fla. July 19, 2005) ("[B]asic principles of contract construction state that the specific controls the general, such that the enumeration of specific items will limit the application of a general provision to areas not inconsistent with the specific items.") (citing *Goldberg*, 912 F.2d at 1421). No authority supports carving out the carve out as Bonday urges.

Second, Bonday argues that Nalco cannot deny that Bonday raised an ERISA claim because Nalco asserted ERISA as the basis for jurisdiction in the District Court. There is no dispute on this point. Doc 36 at 2. Nalco does not deny that Bonday's claim arises under ERISA because the Plan is an ERISA plan; the claim in the Demand (*i.e.*, that Nalco purportedly failed to pay him severance under the Plan (Doc 36-1)) is an ERISA claim; and that ERISA claim is not arbitrable.

And even the purported Section 510 ERISA discrimination claim that the Arbitrator concocted is not subject to arbitration because it is a "claim[] related to … controversies over awards of benefits or incentives under … ***employee benefits***

No. 22-13546
**Bonday v. Nalco Company LLC**

***plans or welfare plans that contain an appeal procedure***," which are *not* subject to arbitration. Doc 36-3 at 2, ¶2(E). As the District Court explained, any purported Section 510 ERISA claim "is inextricably intertwined with the Severance Plan, which is not a 'Dispute' subject to arbitration because, again, it includes an appeals process." Doc 39 at 20; *see also* Doc 36-3 at 2, ¶2(E). In other words, any alleged Section 510 ERISA claim here relates to a "controversies over awards of benefits" as set forth in the Agreement, thereby expressly excluding it from the definition of an arbitrable dispute. Doc 36-3 at 2, ¶2(E).

Again, for the first time on appeal,[15] Bonday argues that the purported ERISA Section 510 claim is not linked to the Plan because Bonday would need to show only that Nalco "discriminate[d] against [him] for the purpose of interfering with the attainment of any right to which [he] *may become* entitled . . ." App. Brief at 44 (citing 29 U.S.C. § 1140 (emphasis added)). Bonday conveniently uses an ellipsis to omit the next part of the statute, which says "under ***the plan***, this title, or the Welfare and Pension Plans Disclosure Act." 29 U.S.C. § 1140 (emphasis added). Again, there is no escaping that Bonday's claim in the Demand "related to …

---

[15] Bonday never presents any facts to support that he was subject to ERISA discrimination, and he could not present such facts because he voluntarily resigned and never experienced any adverse action. Doc 36-1 at 5, Demand (stating that Bonday left the company because options at severance appeared closed).

controversies over awards of benefits" under an employee benefits plan with an appeals process, and "relat[ing] to" the Plan is enough to make the claim nonarbitrable pursuant to the Agreement's carve out of what constitutes an arbitrable "Dispute." Doc 36-3 at 2, ¶2(E).

Finally, Bonday argues in passing that by choosing not to participate in the arbitration, Nalco waived any objection to the Arbitrator's finding that she had jurisdiction. App. Brief at 28. First, Nalco repeatedly objected to proceeding before the AAA. Doc 18-1 at 4, ¶12. Second, the Arbitrator's actions were a legal nullity from the beginning because she lacked the authority to decide arbitrability. *Raymond James Fin. Servs. v. Armijos*, No. 19-CIV-81692-RAR, 2020 U.S. Dist. LEXIS 109149, at *10-11 (S.D. Fla. Jan. 9, 2020) (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1112 n.20 (11th Cir. 2004)) ("If a dispute is nonarbitrable, then an arbitrator necessarily exceeds his powers in adjudicating it. Consequently, while the defendant is free to initiate whatever private arbitration proceedings he wishes, a plaintiff need not be troubled by them because they are essentially ***legal nullities from the start***.") (emphasis added). Nalco had no obligation to participate in a proceeding that was a legal nullity, and as such, never waived its objections to jurisdiction. *See, e.g.*, Doc 25 at 7; Doc 18-1 at 4-5, ¶¶12-17. Accordingly, for all of the reasons set forth above, this Court should affirm the District Court's Order

No. 22-13546
**Bonday v. Nalco Company LLC**

holding that the Arbitrator exceeded her authority in ruling on matters to which the parties did not consent to arbitrate.

## <u>CONCLUSION</u>

For the foregoing reasons, this Court should affirm the District Court's decision granting summary judgment in favor of Nalco, declaring Bonday's Demand nonarbitrable, granting Nalco's motion to vacate the arbitration award, and vacating the Award.

**No. 22-13546**
**Bonday v. Nalco Company LLC**

Respectfully submitted,

*s/Valerie L. Hooker*
René E. Thorne, Esq. (LA Bar #22875)
Rene.Thorne@jacksonlewis.com
JACKSON LEWIS P.C.
601 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone: (504) 208-1755
Facsimile: (504) 208-1759

Valerie L. Hooker, Esq. (FL Bar # 113688)
Valerie.Hooker@jacksonlewis.com
JACKSON LEWIS P.C.
2 South Biscayne Boulevard, Suite 3500
Miami, FL  33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
*Attorneys for Appellee Nalco Company LLC*

No. 22-13546
**Bonday v. Nalco Company LLC**

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing brief complies with the type-volume limitation provided in Rule 32(a)(7) of the Federal Rules of Appellate Procedure. The foregoing brief contains 7,560 words of Times New Roman (14 pt.) proportional type. Microsoft Word for Microsoft 365 MSO is the word-processing software that was used to prepare the brief.

*s/Valerie L. Hooker*
Valerie L. Hooker, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 10, 2023, I electronically filed the foregoing Appellee's Brief using the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit appellate CM/ECF system that will automatically serve the following counsel of record:

### SERVICE LIST

Timothy Meyer, Esq.
meyer@law.duke.edu
Duke University School of Law
210 Science Drive
Durham, NC  27708
Telephone: (510) 928-1439
Attorney for Defendant-Appellant

René E. Thorne, Esq.
ThorneR@jacksonlewis.com
JACKSON LEWIS P.C.
601 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone:  (504) 208-1755

Valerie L. Hooker, Esq.
Valerie.Hooker@jacksonlewis.com
JACKSON LEWIS P.C.
2 South Biscayne Boulevard, Suite 3500
Miami, FL  33131
Telephone: (305) 577-7600
Attorneys for Plaintiff-Appellee

Dated this 10th day of February, 2023.

By:   *s/ Valerie L. Hooker*
       Valerie L. Hooker, Esq.

36